Joseph W. Grant v. Commissioner. Ernest A. Strong v. Commissioner.
Grant v. Commissioner
Docket Nos. 407, 416.
United States Tax Court
1944 Tax Ct. Memo LEXIS 153; 3 T.C.M. (CCH) 783; T.C.M. (RIA) 44254; August 3, 1944
*153 A. H. Kent, Esq., for the petitioners. T. M. Mather, Esq., and C. S. Winters, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent asserted deficiencies in income tax for the year 1941 of $37,368.53 against Joseph W. Grant and $37,138.90 against Ernest A. Strong. The sole issue in controversy is whether a partnership created by the petitioners and their wives on October 1, 1940 is a valid partnership, entitled to be recognized as such for income tax purposes. Findings of Fact The petitioners are individuals residing in Springville, Utah. Their Federal income tax returns for the year 1941 were filed with the Collector of Internal Revenue at Salt Lake City, Utah. In 1924 the petitioners, who had been employed as foremen of a contracting firm, formed a partnership known as Strong and Grant and entered the contracting business building roads and bridges and doing general construction work. Each of the petitioners had an equal interest in the partnership. Their wives invested no capital in this partnership, but in its early stages had contributed some services for which they received no direct compensation. These services consisted mainly in accompanying *154 their husbands on construction jobs and cooking for the camp. By 1940 the partnership had grown into a large organization with considerable equipment and capital. On October 1, 1940, each of the petitioners executed an instrument, unconditional in form, whereby he transferred to his wife one-half of all his interest in the partnership of Strong and Grant. The documents are identical except for the names of the donor and donee, and that executed by petitioner Strong will serve for illustrative purposes. It is as follows: "ERNEST A. STRONG, of Springville, Utah County, State of Utah, for and in consideration of the sum of $1.00 and other good and valuable consideration, receipt whereof is hereby acknowledged, hereby sells, assigns, transfers, and conveys unto NORMA STRONG, of Springville, Utah County, State of Utah, an undivided one-half of all his interest, as per and attached balance sheet, in the partnership of Strong and Grant, which said partnership is engaged in the general contracting business, with its place of business at Springville, Utah County, State of Utah. "IN WITNESS WHEREOF, the said Ernest A. Strong has hereunto set his hand this 1st day of October, A.D. 1940. *155 "(s) Ernest A. Strong" On the same day a partnership agreement was executed by the petitioners and their respective wives, Hilda Grant and Norma Strong. This agreement recited each petitioner had transferred to his wife an undivided one-half of all his interest in the partnership, and that they had agreed to admit their wives into the partnership; that the partnership of Strong and Grant should thenceforth consist of Ernest A. Strong, Joseph W. Grant, Norma Strong, and Hilda Grant as partners; that each of the partners owned a one-fourth interest in the partnership and should share equally in the partnership profits and losses. The agreement further provided that the petitioners should have charge of the office, keep the books of the partnership, have exclusive charge of all the financial details of the partnership and have the outside working management of the business. A partnership bank account was provided for by the agreement, but checks were to be drawn thereon only by either one of the petitioners. The partnership agreement provided that any partner could withdraw from the partnership at will upon giving 30 days' notice. In the event of the death of either Ernest A. *156 Strong or Joseph W. Grant it was provided that the survivor should have the right to purchase the interest of the deceased partner and that of his wife. The value of the respective interests in such case was to be fixed by two appraisers, one appointed by the surviving male partner, and the other by the estate of the decedent. It was also provided that the appraisers so appointed should establish the terms upon which the surviving male partner should make payment for the interests of the decedent and his wife. In case of the death of one of the wives, the surviving partners had the right to continue the partnership upon paying to the estate of the deceased wife the value of her interest in the partnership. Attached to the partnership agreement was a statement showing the value of the partnership assets, consisting of equipment, to be $175,000 and the value of the interest of each partner to be one-fourth of that amount, or $43,750. Each of the petitioners filed a gift tax return in 1940 in which he reported as a gift the transfer to his wife of one-half of his interest in the partnership. There was no formal dissolution of the old partnership, but it was understood by the parties *157 that the old partnership was ended. The original partnership of Strong and Grant did not maintain a ledger showing the capital accounts of the partners. After the formation of the new partnership a general ledger was maintained showing the capital account of each partner's distributive share of the partnership profits, including, in the case of the petitioners, the amounts of their salaries. In 1941 and 1942 the following distributions were made to Norma Strong and Hilda Grant out of the profits earned between October 1, 1940 and December 31, 1941: Hilda Grant
$59,000
Norma Strong
52,000
Most of these amounts were used by the petitioners' wives to pay their income taxes or were returned to the business. The income of the partnership for the fiscal year ended September 30, 1941, before deduction of the salaries paid petitioners, was $166,766.33 and for the period October 1, 1941 to December 31, 1941, $80,638.70, a total of $247,405.03. During the life of the partnership the petitioners entered into various construction contracts with the Federal Government. All of these contracts, and the performance and payment bonds, executed in connection therewith, were entered *158 into in the name of "Strong & Grant, a partnership consisting of Ernest A. Strong and Joseph W. Grant, acting as joint contractors and co-adventurers." The bonding company was informed that Mrs. Strong and Mrs. Grant were members of the partnership. The formation of the new partnership did not effect any change in the manner in which the partnership business was conducted. The petitioners continued to have the exclusive management of the partnership. The wives of the petitioners rendered no services to the partnership and were not familiar with the details of its operation. It was not contemplated by the partners that the wives should take any active part in the management of the business. The character of the business was such that large amounts of machinery and equipment were necessary, thus involving large capital outlays. The number of employees varied from 200 to 600. The payroll for the fiscal year ending September 30, 1941 was $163,468.58, and for the period October 1 to December 31, 1941 was $170,682.12. During the same periods materials used amounted to $230,323.53 and $398,896.71, respectively. Capital was a substantial incomeproducing factor in the partnership business. *159 Each petitioner and his wife maintained a joint bank account and amounts received from the business were deposited in this account from which the household and living expenses were paid. The petitioners and their wives filed separate income tax returns for the year 1941 in which each reported one-fourth of the net income of the partnership for its fiscal year ended September 30, 1941, and for the period October 1. 1941 to December 31, 1941. Partnership returns were filed for each of these periods. Subsequent to the filing of these returns the members of the partnership decided to and did allocate a portion of the profits to the petitioners as compensation for personal services. The compensation so allocated to each of the petitioners was at the rate of $36,000 per year, or $45,000 for the entire 15-month period, October 1, 1940 to December 31, 1941. The petitioners filed amended returns to reflect their increased income and paid the tax due. Including the salaries paid the petitioners, the distributive shares of the partners for the periods stated were as follows: Distributive Share
10/1/40-
10/1/41-
Partner
9/30/41
12/31/41
Ernest A. Strong
$59,691.58
$22,321.47
Joseph W. Grant
59,691.58
22,321.47
Norma Strong
23,691.59
13,321.46
Hilda Strong
23,691.58
13,321.46
*160 At the end of 1941 the partnership was dissolved and a new partnership was formed, adding new partners. The respondent determined that the wives of the petitioners were not bona fide partners from October 1, 1940 to December 31, 1941 and assessed deficiencies in the petitioners' income accordingly. Opinion ARUNDELL, Judge: The sole question for our determination is whether the partnership, formed on October 1, 1940, between the petitioners and their respective wives, was a valid partnership, entitled to recognition for Federal income tax purposes. The petitioners contend that a bona fide partnership was entered into and that one-fourth of the partnership income is properly taxable to the wife of each. The respondent contends that the transaction was a sham, entered into for purposes of tax avoidance only; that no new partnership was, in fact, formed, but that the petitioners continued to be the only members of the partnership; and that one-half of the partnership income is taxable to each. It is established that a husband can make his wife his partner by giving to her a half interest in his business and that such a partnership will be recognized for income tax purposes, if, *161 in fact, a bona fide gift of such interest in the business is made. . However, arrangements for the adjustment of income within a family group are subject to close scrutiny and require clear and convincing evidence to establish their bona fides. , aff'd. . Here the petitioners, partners in a contracting business, each executed an instrument termed a 'deed of gift" purporting to convey to his wife one-half of his interest in the partnership. Each gift was evaluated at $43,750. Gift tax returns were filed, claiming the allowable exclusions and exemptions and showing no tax due. A new agreement was executed reciting the gifts, showing the interest of each spouse to be one-fourth of the partnership assets, and proper entries showing the rearranged interests were set up on the books. In short, all the formalities were observed. However, the wives, who had only the vaguest knowledge of the workings of the business, were to have no voice in its management and were required to contribute no services. The husbands continued *162 in absolute control. They alone had drawing accounts; they alone had the right to draw checks upon the partnership bank account. The business continued in the same manner as previously, the petitioners holding themselves out to be the only persons interested in the partnership and omitting all reference to their wives in contracts of the partnership. The firm was described in Government contracts as "a partnership consisting of Ernest A. Strong and Joseph W. Grant, acting as joint contractors and co-adventurers." The husbands allocated to themselves liberal salaries, which were later substantially increased. Distributions were made to the wives of the 1941 partnership profits, but practically the whole of the distributions except amounts necessary to pay taxes was directly returned to the business. The consistent policy of the petitioners was to accumulate all profits not needed for living expense and this policy continued in force in the taxable period involved. It is doubtful that the wives were ever expected to enjoy the fruits of the interest supposedly given them in 1941. Upon the death of either of the men the survivor had the right to purchase the interest of the decedent *163 and of his surviving wife. The evaluation of the interests was to be made by appraisers, appointed one each by the estate of the deceased partner and the surviving male partner. Thus, the wife had no right to continue as a partner after the death of her husband or even to participate in the evaluation of her own interest. Further, the appraisers were to determine the manner of payment to the surviving wife for her interest. In the light of these facts, we think it cannot be said that the petitioners intended to make their wives co-partners with them in the conduct of the business, or that they in fact made valid gifts of half of their interest in the business. The whole transaction was obviously drawn so as to leave the petitioners with substantially the same control and dominion over the business, its assets, and its earnings as they had previously to the alleged gifts. The situation is similar to those encountered in ; ; ; and . In this case, *164 as in those, there is no more than attempt to redistribute the tax burden without any substantial change of control or present ownership of the property producing the income. In determining deficiencies against the petitioners the respondent erroneously failed to credit the petitioners with the amount of additional payments made in 1942 in connection with the filing of amended returns for 1941. Therefore, Decisions will be entered under Rule 50.